# In the United States Court of Federal Claims

No. 24-859
Filed: February 7, 2025

| | |
|---|---|
| KAMILLA M. HARRIS, | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| *Defendant.* | ) |

**OPINION AND ORDER**

Plaintiff Kamilla M. Harris, proceeding pro se, filed this action against the "Arkansas State Department of Human Services" for wrongful denial of her Supplemental Nutrition Assistance Program ("SNAP") and Transitional Employment Assistance ("TEA") benefits. ECF No. 1. Ms. Harris seeks $4,000 for her claims. ECF No. 1 at 3.[1] Along with her complaint, Ms. Harris moves for leave to proceed *in forma pauperis*, ECF No. 2. The Government moves to dismiss the complaint, ECF No. 7, and stay further briefing in this matter pending the resolution of its motion, ECF No. 9. As explained below, the court grants the Government's motion.

**I.   Legal Standard**

When deciding a motion to dismiss for lack of subject matter jurisdiction, the court must "assume all factual allegations to be true and . . . draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). The court holds a pro se plaintiff's pleadings to a less stringent standard and liberally construes language in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The lenient pro se pleading standard, "however, does not relieve a plaintiff of jurisdictional requirements." *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). Even pro se plaintiffs bear the burden to establish the court's jurisdiction "by a preponderance of the evidence." *Id.* (citing *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013)); *see Henke*, 60 F.3d at 799 ("The fact that [the plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures . . . .").

Under the Tucker Act, this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an

---

[1] The court cites to the pagination in the ECF header.

executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself "does not create any substantive right enforceable against the United States for money damages," *United States v. Testan*, 424 U.S. 392, 398 (1976); rather, "a plaintiff must identify a separate source of substantive law that creates the right to money damages," *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citations omitted). The source of law "does not create a cause of action for money damages unless . . . that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Testan*, 424 U.S. at 402 (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1008-09 (Ct. Cl. 1967)). If the complaint does not establish jurisdiction, the court must grant the Government's motion and dismiss the complaint. *See* Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II.    Discussion

From what the court can discern, Ms. Harris claims the Arkansas State Department of Human Services wrongfully denied her SNAP and TEA benefits. ECF No. 1 at 1-2. The Government moves to dismiss this case for lack of subject matter jurisdiction because Ms. Harris does not allege claims against the United States or allege claims under any money-mandating source of law. ECF No. 7.

Ms. Harris herself repeatedly states that she does not bring this case against the United States. ECF No. 1 at 1-2; ECF No. 8 at 1-2. This court's jurisdiction is limited to cases against the United States. 28 U.S.C. § 1491(a)(1). "[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Thus, this court does not have jurisdiction over claims against state agencies. *Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014); *see also Pagano v. United States*, No. 10-595C, 2010 WL 4032989, at *1 (Fed. Cl. Oct. 7, 2010) ("This court lacks jurisdiction over claims seeking food stamps or monetary recoveries in lieu thereof, which claims, where allowed, are generally pursued through the state agency managing the relevant food stamp program."). Here, Ms. Harris listed "Arkansas State Department of Human Services" as the defendant in the complaint's caption. ECF No. 1 at 1. Further, she clarifies in her response to the Government's motion that her "claim is not against the United States," but rather against the "Arkansas Department of Human Services." ECF No. 8 at 1; *see also* ECF No. 8 at 2 ("[T]he defendant is trying to paint a picture that I am complaining against The United States and I am Not."). Because Ms. Harris seeks to bring claims against an Arkansas state agency, the court must grant the Government's motion and dismiss the complaint.

Ms. Harris appears pro se before this court, so the court will liberally construe her complaint to bring claims against the United States. Therefore, the court considers the statutory bases for Ms. Harris's claim to ensure that there is no jurisdiction. The complaint cites to an array of laws as the basis for Ms. Harris's claims. ECF No. 1 at 1. Three of the sources of law cited to in the complaint do not have any legal effect. The Homestead Act of 1862 cannot support a claim because the Federal Land Policy and Management Act of 1976, Pub. L. No. 94-579 (1976), repealed the 1862 Act. Nor can the Articles of Confederation because they were replaced by the United States Constitution in 1789, *Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 705 (2016) ("[B]ecause the Articles of Confederation were replaced by the

2

United States Constitution in 1789, they are not a valid [money-mandating] source of law."). And the Universal Declaration of Human Rights "does not of its own force impose obligations as a matter of international law." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)

The court turns next to the statutes that remain in effect. First, this court lacks jurisdiction over claims under the Food Stamp Act. The Food Stamp Act vests jurisdiction in the federal district courts and state courts. 7 U.S.C. §§ 2020(g), 2023(a)(13). When Congress vests the exclusive jurisdiction over cases in the district courts, this court lacks jurisdiction to hear such cases. *Perfect Form Mfg. LLC v. United States*, 160 Fed. Cl. 149, 157 (2022) (citing *Fry v. United States*, 72 Fed. Cl. 500, 505 (2006), and *Crocker v. United States*, 125 F.3d 1475, 1475 (Fed. Cir. 1997)). To the extent Ms. Harris seeks to state a contract claim based on her denial of her SNAP or TEA benefits, *see* ECF No. 8 at 1 ("The Defendant States that I have no contract with the United States but I do."), such a claim implicates the Food Stamp Act and must be pursued in the district courts. *See* ECF No. 9 at 2-3. Thus, the court must dismiss Ms. Harris's claims under the Food Stamp Act for lack of jurisdiction.

Second, Ms. Harris cites 15 U.S.C. § 1681, which states the congressional findings and statement of purpose for the Fair Credit Reporting Act ("FRCA"). ECF No. 1 at 1. To the extent Ms. Harris relies on the FCRA, that statute contains its own self-executing remedial scheme. *See, e.g.*, 15 U.S.C. § 1681n. Thus, this court lacks jurisdiction over FCRA claims because "statutory schemes with their own remedial framework exclude alternative relief under the general terms of the Tucker Act." *United States v. Bormes*, 568 U.S. 6, 13 (2012). As such, the court must dismiss Ms. Harris's claims, if any, under the FCRA.

Third, Ms. Harris cites various criminal law provisions of the Victims of Trafficking and Violence Protection Act of 2000. ECF No. 1 at 1; *see also* ECF No. 9 at 2 (citing 18 U.S.C. § 8). This court has no jurisdiction over criminal law matters. *Ullman v. United States*, 151 F. App'x 941, 945 (Fed. Cir. 2005) ("[T]he Court of Federal Claims lacks jurisdiction on claims brought under the federal criminal code." (citation omitted)). Accordingly, the court must dismiss any claims under the Victims of Trafficking and Violence Protection Act of 2000.

Fourth, Ms. Harris cites various provisions of Title 31 and the Social Security Act. ECF No. 1 at 1. These provisions are not money-mandating sources of law. *See* 31 U.S.C. §§ 1305-1306, 3113, 3123, 5103, 5118-5119, 5312, 9301; *see also Nesselrode v. United States*, 127 Fed. Cl. 421, 429 (2016) (analyzing a claim under 31 U.S.C. § 1304); *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (holding that the Court of Federal Claims lacks jurisdiction over claims for social security benefits). If there is no money-mandating source of law that supports Ms. Harris's claims, the court lacks jurisdiction, and the case must be dismissed. *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)). Therefore, the court dismisses Ms. Harris's claims under Title 31 and the Social Security Act.

Fifth, the complaint cites the Uniform Commercial Code ("UCC"). ECF No. 1 at 1. Claims under the UCC, however, are not within this court's jurisdiction. *Clark v. United States*, 116 F. App'x 278, 279 (Fed. Cir. 2004). To the extent Ms. Harris attempts to bring claims under the UCC, such claims must be dismissed.

In her response to the Government's motion, Ms. Harris also cites to Article I, Section 10 of the United States Constitution and Section 4 of the Fourteenth Amendment. ECF No. 8 at 1-2. This court's jurisdiction over constitutional claims covers only claims based on money-mandating constitutional provisions. *Carpenter v. United States*, 118 Fed. Cl. 712, 713 (2014). The constitutional provisions Ms. Harris cites are not money-mandating. *Langan v. United States*, 812 F. App'x 982, 986 (Fed. Cir. 2020). To the extent Ms. Harris sought to state a claim under the Constitution in her response, the court must also dismiss any constitutional claims.

In sum, none of the laws cited by Ms. Harris provides a source of jurisdiction, so this court grants the Government's motion and dismisses this case. Because the court grants the Government's motion, its request for a stay is moot. ECF No. 9.

### III.  Conclusion

For the foregoing reasons, the court:

1. **GRANTS** the Government's motion to dismiss, ECF No. 7;

2. **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2; and

3. **DIRECTS** the Clerk's Office to enter judgment accordingly.

No costs.

It is so ORDERED.

s/ Edward H. Meyers  
Edward H. Meyers  
Judge